```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                         CRIMINAL ACTION NO. 2:12-00218
                                            2:12-00226

**MITCHELL RAY WORKMAN**

<u>SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER</u>
<u>MEMORANDUM OPINION AND ORDER</u>

On June 6, 2016, the United States of America appeared by Joshua C. Hanks, Assistant United States Attorney, and the defendant, Mitchell Ray Workman, appeared in person and by his counsel, Deirdre H. Purdy, for a hearing on the petition on supervised release and amendments thereto submitted by United States Probation Officer Justin L. Gibson.  The defendant commenced a three-year term of supervised release in Criminal No. 2:12-00218 and a one-year term of supervised release in Criminal No. 2:12-00226 in this action on July 18, 2014, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on April 8, 2013.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects:  (1) the defendant used and possessed controlled substances as evidenced by positive urine specimens submitted by him on thirteen occasions from January 12, 2015, through July 21, 2015, for methamphetamine, eight of which also tested positive for amphetamine; his admission on August 4, 2015, to the probation officer that he had unlawfully used Valium and Subutex without a prescription on July 28, 2015, and Subutex again on August 1, 2015, as well as having unlawfully used Xanax and methamphetamine on August 2, 2015; his admission to the probation officer on August 12, 2015, that he unlawfully used Subutex on August 10, 2015; and his admission to the probation officer on August 17, 2015, that he had unlawfully used Subutex on August 14, 2015; (2) the defendant failed to report to the probation officer on August 3, 2015, as directed; (3) the defendant failed to maintain stable employment from December 2014 until the filing of the petition; (4) the defendant failed to report for urine screens as directed on February 16, May 6 and June 3, 2015; (5) the defendant failed to report for

individual substance abuse counseling as instructed on April 28, June 30 and July 21, 2015; (6) the defendant failed to report for intensive outpatient group counseling on sixteen occasions between March 19, 2015, and July 21, 2015; (7) the defendant failed to report to a substance abuse detoxification program as instructed on June 15, 2015; (8) the defendant failed to abide by the special condition that he reside at SECOR for a period of six months inasmuch as he entered the program on July 28, 2015, and was terminated from the program on August 1, 2015; and (9) the defendant failed to abide by the special condition that he participate in the nine to twelve-month program at Recovery Point inasmuch as he entered the program on September 18, 2015, absented himself from the program from February 1, 2016, until he was permitted to return on February 17, 2016, and was then terminated from the program on March 21, 2016, after refusing to submit to a urine screen; all as admitted by the defendant on the record of the hearing and all as set forth in the petition on supervised release and amendments thereto.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not

3

revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of SIX (6) MONTHS, to run concurrently as to each Criminal No. 2:12-00218 and Criminal No. 2:12-00226, to be followed by a term of thirty (30) months of supervised release which is imposed as to Criminal No. 2:12-00218 only, upon the standard conditions of supervised release now in effect in this district by order entered June 22, 2007, and the further condition that the defendant not commit another federal, state or local crime and the special condition that, immediately following his release from incarceration, he participate in the 12 to 14-month residential program at the Union Mission in Charleston, West Virginia, as more fully outlined in the defendant's motion, and

follow the rules and regulations of the program including remaining regularly employed with the program as directed.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: June 10, 2016

_____
John T. Copenhaver, Jr.
United States District Judge

5